UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KAYLA BUSCH,

Plaintiff,                                    CASE NO.: 2:15-CV-02442-STA-dkv

vs.

METRO PCS D/B/A TABLET SOLUTIONS,
INC. and TAREQ YOUNIS,
INDIVIDUALLY,

Defendants.

---

ORDER DENYING MOTION TO DISMISS OF DEFENDANT
TAREQ YOUNIS IN HIS INDIVIDUAL CAPACITY

---

Plaintiff has filed this action against Defendants Metro PCS, d/b/a Tablet Solutions, Inc. ("Tablet Solutions") and Tareq Younis, individually, for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). (ECF No. 1.) Defendants have filed a motion to dismiss the claims against Younis (ECF No. 20), and Plaintiff has filed a response to the motion. (ECF No. 21.) For the reasons set forth below, Defendants' motion is **DENIED**.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

alleged."[2] The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action ...."[3] "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim."[4] While plausibility requires relief to be more than speculative, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely."[5]

In considering a motion to dismiss under Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, accepts the allegations as true, and draws all reasonable inferences in favor of the plaintiff.[6] "A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient."[7] Instead, "to state a valid claim, a complaint must contain either direct or inferential

---

[2] *Id.* (citing *Twombly*, 550 U.S. at 556).

[3] *League of Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555–56).

[4] *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678).

[5] *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

[6] *KSR Int'l Co. v. Delphi Auto. Sys.*, No. 12–2063, 2013 WL 1749336, at *1 (6th Cir. Apr. 23, 2013) (citing *Bassett v. Nat'l Collegiate Athletic Ass' n*, 528 F.3d 426, 430 (6th Cir. 2008)).

[7] *Handy–Clay v. City of Memphis*, No. 10–2927–STA–tmp, 2013 WL 2948442 at *4 (W.D. Tenn. June 14, 2013) (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)) (internal quotation marks omitted); *see also Infection Prevention Techs. v. UVAS, LLC*, 2011 WL 4360007 at *24 (S.D. Mich. July 25, 2011) rep. and rec. adopted, 2011 WL 4360091 (E.D. Mich. Sept. 19, 2011) ("[Plaintiff] asserts that Defendants' 'actions were in bad faith, willful, wanton.' But these statements are pure legal conclusions insufficient to state a claim upon which relief may be granted.").

allegations respecting all the material elements to sustain recovery under some viable legal theory."[8]

In *Pope v. Walgreen Co.*,[9] the district court recognized that the "level of detail necessary to plead a FLSA overtime claim ... [is] one that has divided courts around the country" but noted that "district courts within the Sixth Circuit have applied a less strict approach" than other circuits.[10] The *Pope* Court found that the plaintiffs' allegations that they were employed by the defendant and worked regularly and repeatedly in excess of forty-four hours per week without receiving overtime pay was sufficient to state a claim for relief.[11] Thus, "a plaintiff may state a claim to relief under the FLSA by alleging facts sufficient to prove (1) the existence of an employer-employee relationship; (2) the employee's acts are protected by the FLSA; and (3) the employer's failure to pay the employee overtime for those acts."[12]

In the present case, Defendants acknowledge that Younis was employed as a manager for Tablet Solutions, but they contend that Younis cannot be liable in his individual capacity because Plaintiff has not pled sufficient facts to pierce the corporate veil and show individual liability. Defendants' argument is premised on the contention that Younis is a minority shareholder of Tablet Solutions and not an officer with operational control; thus, Defendants reason that Younis cannot be liable in his individual capacity.

---

[8] *Boland v. Holder*, 682 F.3d 531, 534–35 (6th Cir. 2012) (quoting *Bredesen*, 500 F.3d at 527) (internal quotation marks omitted).

[9] 2015 WL 471006 (E.D. Tenn. Feb. 4, 2015).

[10] *Id.* at *2 - 4 (citations omitted).

[11] *Id.* at *4.

[12] *Carter v. Jackson-Madison County Hospital District*, 2011 WL 1256625, *5 (W.D. Tenn. 2011) (citing *Noble v. Serco, Inc.*, 2009 WL 1811550, at *2 (E.D. Ky. June 25, 2009)).

Plaintiff has responded that she is not required to pierce the corporate veil in order for individual liability to attach under the FLSA. She asserts that she has pled sufficient facts to state a claim for relief under the FLSA and points to the following allegations in her Complaint.

> 10. At all material times hereto Defendant, Tereq Younis,[13] the owner and manager Tablet Solution,[14] operated and conducted business in and amound Shelby County, Tennessee and had direct control over the work, pay, and job duties of Plaintiff.
>
> 11. Defendant, Tereq Younis: (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined Plaintiff's rate and method of payment, and (4) maintained employment records.
>
> 12. As such, Defendant, Tereq Younis, is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.
>
> ….
>
> 21. At all material times hereto (2012 - 2015), Tereq Younis regularly exercised the authority to: (a) hire and fire employees of Tablet Solution; (b) determine the work schedules for the employees of Tablet Solution; and (c) control the finances and operations of Tablet Solution. By virtue of having regularly exercised that authority on behalf of Tablet Solution, Tereq Younis is an "employer" as defined by 29 U.S.C. §201, et seq.[15]

The FLSA defines the term "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[16] Because of the remedial purpose of the FLSA, courts are required "to define 'employer' more broadly than the term would be interpreted in traditional common law applications."[17] It is also envisioned under the FLSA that

---

[13] The correct spelling of Defendant's name is "Tareq Younis." (Mot. Dism. p. 1, ECF No. 20.)

[14] The correct spelling of Defendant's name is "Tablet Solutions." (*Id.*)

[15] (Cmplt, ECF No. 1.)

[16] 29 U.S.C. § 203(d).

[17] *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (quoting *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989)).

there may be "several simultaneous employers who may be responsible for compliance with the FLSA.[18]

FLSA liability encompasses those individuals who make the decision on behalf of the organization. The Court in *Bryant v. Delbar Products, Inc.*,[19] noted that liability under the FMLA is not limited to corporate officers, "so long as he or she possesses control over the aspect of employment alleged to have been violated." And, the Court in *Richardson v. CVS Corp.*,[20] similarly held that the individual who "single-handedly made the decision to terminate plaintiff's employment" exercised sufficient operational control for individual liability under the FMLA. This Court also has held that persons who "actually made the decision to terminate plaintiff, with the recommendation and input [of others]" allows for individual liability under the FMLA.[21]

Here, for the purpose of establishing FLSA liability, Plaintiff has adequately pled the existence of an employer-employee relationship; she was protected by the FLSA; her employer failed to pay her overtime compensation; Younis was the owner and manager of Tablet Solutions; he had direct control over Plaintiff's work, pay, and job duties; he had the power to hire and fire Plaintiff; he supervised and controlled Plaintiff's work schedule and conditions of employment; he determined Plaintiff's rate and method of payment; and he maintained employment records. Accordingly, Defendant's motion to dismiss is **DENIED**.

---

[18] *Id.* (citing *Falk v. Brennan*, 414, U.S. 190, 195 (1973)).

[19] 18 F. Supp.2d 799, 808 (M.D. Tenn. Aug. 27, 1998).

[20] 207 F. Supp.2d at 744 (E.D. Tenn. Oct. 17, 2001).

[21] *Phillips v. Leroy Somer North America*, 2003 WL 1790936 (W.D. Tenn. March 31, 2003). *See also Coats v. Nashville Limo Bus, LLC*, 2010 WL 3981427, at *4 (M.D. Tenn. Oct. 8, 2010) ("A corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages. . . . [T]o be classified as an employer, an individual need not have exclusive control of a company's day-to-day functions; it is enough if the individual has operational control over

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 18, 2016.

---

significant aspects of the company's daily operations.)